# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**DESMOND THOMAS,**
**ADC #172291**                                                                              **PLAINITFF**

**V.**                                      **NO. 3:22-cv-00183-BD**

**ROBERT CASE and**
**DANE BARNON**                                                                       **DEFENDANTS**

### <u>ORDER OF DISMISSAL</u>

**I.**    <u>**Background**</u>**:**

Desmond Thomas filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 1) In his complaint, Mr. Thomas alleges that, while he was incarcerated at the Green County Detention Center (Detention Center), Administrator Robert Case and Jail Supervisor Dane Barnon: (1) spit in his food; (2) called him racially derogatory names; (3) took his food trays, sleeping mat, and blanket; (4) deprived him of the right to speak with an attorney; and (5) denied him mental health treatment. In his complaint, Mr. Thomas failed to identify in what capacity he is suing Defendants.

Defendants have now moved for summary judgment on Mr. Thomas's claims against them, arguing that he has failed to state a constitutional claim against them as a matter of law. (Doc. No. 17) To date, Mr. Thomas has not responded to Defendants' motion and the time for doing so has passed. (Doc. No. 20) For the following reasons, Defendants' motion is granted.

II.   **Discussion**:

A.    Standard

A party is entitled to summary judgment if—but only if—the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017). Because Defendants are the moving parties, the Court will construe any disputed facts in a light favorable to Mr. Thomas.

B.    Capacity

Mr. Thomas's complaint is silent regarding in what capacity he is suing any Defendant. When a complaint is silent in this regard, the Court must construe Mr. Thomas's complaint as if he is seeking relief against a defendant in his or her official capacity only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Mr. Thomas's claims against county employees in their official capacities are treated as claims against Greene County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009).

In this § 1983 action, Greene County cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. A county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Mr. Thomas fails to allege that he suffered any constitutional injury as the result of a Greene County custom or policy. Furthermore, he has failed to come forward

2

with any evidence that he suffered any injury as a result of any Greene County custom or policy. As a result, Defendants are entitled to summary judgment.

C.    Conditions of Confinement

Even if Mr. Thomas had sued Defendants in their individual capacities, his claims still could not proceed. At the time of the events giving rise to this lawsuit, Mr. Thomas was being held on a parole violation for a prior conviction. (Doc. No. 19-1 at 6) Accordingly, the Court must analyze his claims under the Eighth Amendment. See *Sterling v. Taylor*, 2017 WL 1511296 (E.D. Ark. 2017) (internal citation omitted) ("after conviction, the Eighth Amendment serves as the primary source of substantive protection.")

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted). Therefore. Mr. Thomas must show how each individual defendant violated his federally protected rights. See *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.")

Here, Mr. Thomas testified in his deposition that, during his incarceration at the Detention Center: (1) he never spoke with Defendant Case (Doc. No. 19-1 at 17); (2) neither Defendant ever brought him a food tray (*Id. at 18*); (3) neither Defendant ever called him a racially offensive name (*Id. at 27*); (4) neither Defendant denied him the

ability to speak with an attorney (*Id. at 28*);[1] (5) nurse Brianna Foster examined him for his mental health needs (*Id. at 38-39*); and (6) neither Defendant ever took his mat (*Id. at 39*).

Accordingly, Mr. Thomas has failed to come forward with evidence that would create any genuine issue of material fact as to whether either Defendant personally violated his constitutional rights. Therefore, Defendants are entitled to judgment as a matter of law.

## III. <u>Conclusion</u>:

Defendants' motion for summary judgment (Doc. No. 17) is GRANTED. Mr. Thomas's claims are DISMISSED, with prejudice.

IT IS SO ORDERED this 23rd day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In his deposition, Mr. Thomas clarified that he was not permitted to speak with his parole officer, rather than with his attorney. He further stated that he did not know whether he had an attorney during the time period at issue. *Id. at 28, 32*.